[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 31, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 07-13639
Non-Argument Calendar

_____

Agency No. A79-091-766

RRUSTEM NEZA,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

No. 07-13989 & 08-10655
Non-Argument Calendar

_____

Agency Nos. A79-091-766
A79-091-767

RRUSTEM NEZA,
NURIE NEZA,
XHELADIN NEZA,

                                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 31, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Rrustem Neza, his wife, Nurie Neza, and their son, natives and citizens of

Albania, seek review of the Board of Immigration Appeals' (BIA's) three final

orders denying their motions to reopen and reconsider their application for asylum

and withholding of removal under the Immigration and Nationality Act (INA), and

relief under the Convention Against Torture (CAT).  Neza petitioned this Court for

review of the following three BIA orders: (1) the August 7, 2007, denial of his

motion to stay removal;[1] (2) the August 20, 2007, denial of his motion to

reconsider and amended motion to reopen pursuant to *Matter of Lozada*;[2] and

---

[1] Neza failed to raise any argument in his briefs to this Court regarding the BIA's August 7, 2007, denial of his motion to stay removal.  Accordingly, that issue has been abandoned on appeal.  *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001).

[2] *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988).

2

(3) the February 4, 2008, denial of his motion to reconsider the denial of his amended motion to reopen based on changed country circumstances. On appeal, however, Neza contends that he is seeking review of orders dated: August 20, 2007; November 7, 2007; and February 4, 2008. Each of these orders will be discussed in turn below.

A petition for review of a final order of removal must be filed in this Court within 30 days of the final order, and the time limitation is jurisdictional. 8 U.S.C. § 1252(b)(1); *Dakane v. United States Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

"We review the BIA's denial of a motion to reopen for an abuse of discretion." *Abdi v. United States Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (internal quotations omitted). We shall decide the petition for review "only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). "Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Abdi*, 430 F.3d at 1149 (internal quotations omitted).

"A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). "Except as provided [in the regulatory exceptions], an alien may file only one motion to reopen removal proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(A), (C). These time and numerical limitations do not apply to motions to reopen that are, *inter alia*, (1) "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing;" (2) "agreed upon by all parties and jointly filed;" or (3) filed by the Service. 8 C.F.R. § 1003.2(c)(3)(ii)-(iv).

An alien may file one motion to reconsider a decision that he or she is removable, which must be filed with the BIA within 30 days of the date of entry of a final order of removal, and must specify the errors of law or fact in the previous order. *Id.* § 1003.2(b)(1)-(2); 8 U.S.C. § 1229a(c)(6). The finality of a removal order is not affected by the subsequent filing of a motion to reconsider; hence, motions to reconsider do not toll filing deadlines. *Stone v. INS*, 115 S. Ct. 1537, 1549 (1995).

4

I. August 20, 2007 Order denying Neza's July 11, 2007[3] Motion to Reconsider and Amended Motion to Reopen Pursuant to *Matter of Lozada*

Neza asserts the BIA's denial of his July 11, 2007, motion to reconsider and amended motion to reopen as time and numerically barred was erroneous as a matter of law because he met the requirements prescribed by *Matter of Lozada*.

We have held that "congressional filing deadlines should be read literally by federal courts," and time limitations are "jurisdictional and mandatory." *Abdi*, 430 F.3d at 1150 (concerning a motion to reopen based on ineffective assistance); *see also Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999) (concerning ineffective assistance in an *in absentia* removal order, stating "[f]iling deadlines inherently are arbitrary and harsh," and denying an exception to the 180-day filing deadline for exceptional circumstances).

In *Abdi*, we acknowledged our previous holding in *Anin*, that "the 180-day time limitation for motions to reopen filed pursuant to former . . . 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996), for *in absentia* deportation orders could not be equitably tolled on account of ineffective assistance of counsel." *Abdi*, 430 F.3d at 1149-50. Applying the rationale of *Anin* to Abdi's failure to timely file a motion to reopen, where his removal order was not made *in absentia*, we stated that time

___

[3] The record, the BIA's August 20, 2007, order, and the Government all refer to Neza's July 2007 motion to reconsider and amended motion to reopen as having been filed on July 17, 2007. However, Neza's motion was actually filed on July 11, 2007, a discrepancy that has no effect on the analysis of Neza's claims.

5

limits are mandatory and jurisdictional, and, therefore, not subject to equitable tolling. *Id.* at 1150. Further, we stated, "our reasoning in *Anin* is not specific to *in absentia* orders." *Id.*

It is undisputed that Neza's motion to reopen based on ineffective assistance of counsel was not filed until July 11, 2007, nearly four years after the BIA's August 27, 2003, denial of his appeal of the IJ's decision. Accordingly, Neza failed to timely file his motion to reopen with the BIA, the BIA correctly recognized that the deadline to file a motion to reopen was "jurisdictional and mandatory," and the BIA therefore did not err or abuse its discretion in denying Neza's motion. *Abdi*, 430 F.3d at 1150.

Neza asserts that the BIA does not have discretion to deny him the opportunity to fully present his case. In *Anin*, however, this Court denied petitioner's motion to reopen based on ineffective assistance despite his removal order being made *in absentia*. *Anin*, 188 F.3d at 1278. Here, Neza was given notice of his hearing, and in fact testified before the IJ. His argument is therefore unpersuasive, as this Court has denied a petition for review of a motion to reopen where the petitioner was less able to fully present his case because he was not present at his removal hearing.

Finally, even were this Court to recognize equitable tolling for ineffective assistance claims, Neza failed to demonstrate due diligence, as Neza's initial

6

motion to reopen, filed in September 2003, failed to raise the issue of ineffective assistance of counsel. Following the denial of that motion in November 2003, Neza did not file another motion with the BIA until February 20, 2007. The February 20, 2007, motion also did not raise the issue of ineffective assistance of counsel. Accordingly, this Court should deny Neza's petition.

Neza failed to timely file his motion to reopen with the BIA, and the BIA recognized the deadline to file a motion to reopen was "jurisdictional and mandatory." Accordingly, the BIA did not err or abuse its discretion in denying Neza's motion.

## II. November 7, 2007 Order denying Neza's October 10, 2007 Amended Motion to Reopen on Account of Changed Circumstances

Neza contends the BIA's November 7, 2007, denial of his October 10, 2007, amended motion to reopen ignored the record evidence and was erroneous as a matter of law.

We review *de novo* whether this Court has subject-matter jurisdiction. *See Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002).

Neza failed to file a petition for review of the BIA's November 7, 2007, denial of his motion to reopen. Moreover, although Neza filed a motion on November 13, 2007, to reconsider the November 7, 2007, order, that motion did

7

not toll the time to appeal. *See Stone*, 115 S. Ct. at 1544. Accordingly, we lack jurisdiction to review Neza's petition to the extent it raises challenges to that order.

### III. February 4, 2008 Order denying Neza's November 13, 2007 Motion to Reconsider Denial of Amended Motion to Reopen

Neza fails to address in his initial briefs to this Court the BIA's February 4, 2008, denial of his November 13, 2007, motion to reconsider. Further, he addresses that order only in passing in his reply brief.

As discussed in Issue Two, this Court only has jurisdiction to review the BIA's November 7, 2007, order insofar as it relied on that order in denying Neza's November 13, 2007, motion to reconsider in its February 4, 2008, order. Because Neza failed to address or make any argument regarding the BIA's February 4, 2008, order, that issue is deemed abandoned, and this Court will not address it. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 n.12 (11th Cir. 2001) (holding issues not briefed on appeal are deemed abandoned). Neza only argues the BIA's November 7, 2007, order was erroneous; an order for which Neza failed to file a petition for review, and over which this Court lacks jurisdiction. Although Neza makes a passing argument regarding the February 4, 2008, order in his reply brief, this Court does not address arguments raised for the first time in a reply brief. *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n*, 453 F.3d 1309, 1316 n.7 (11th Cir. 2006) (holding we do not address

8

arguments raised for the first time in a reply brief).  Accordingly, we deny the

Nezas' petition.

**PETITION DENIED IN PART, DISMISSED IN PART.**